Filed 7/8/21  P. v. Banks CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JANIQUE KYA BANKS,<br><br>    Defendant and Appellant. | A158333<br><br>(San Mateo County<br>Super. Ct. No. 18-NF-013275-A) |

Defendant Janique Banks appeals from her conviction for felony grand theft of personal property, based on the theory that she aided and abetted her significant other in committing the crime.  (Pen.[1] Code, § 487, subd. (a).)  Banks claims her conviction was based solely on her out-of-court statement, in violation of the corpus delicti rule.  Banks also claims there was insufficient evidence that she aided and abetted her significant other in committing the theft.  We disagree and affirm.

## BACKGROUND

In October 2018, a driver parked her Lexus in a parking garage and left her purse containing an $11,000.00 engagement ring, debit card, and identification on the passenger's seat.  She inadvertently left the car unlocked.  Shortly after, video surveillance cameras recorded a black

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

1

Mercedes, registered to Banks, entering the parking garage. It backed into a parking spot straddling two spaces close to the Lexus. A person later identified as Tuala Auimatagi, Banks's significant other, exited from the passenger side of the Mercedes. She walked in front of the Mercedes towards the Lexus, returned to the Mercedes with something in her hands, and placed it in the car. The Mercedes then left. Later that evening, the Lexus driver returned to her car and discovered her purse was gone. Her bank confirmed that someone made two unauthorized transactions using her debit card at a gas station, one for $61.49—the price of 15 gallons of gas.

During a routine patrol a few weeks later, police found Banks's Mercedes parked on the street. While surveilling the car, a police officer saw Banks and questioned her about the theft. Banks initially denied any knowledge about her car's or the perpetrator's involvement in any theft. After police falsely stated the video surveillance footage clearly documented Banks driving the Mercedes during the theft, Banks admitted she was driving the car. But she stated she did not know what the perpetrator was doing because she was looking at her phone the entire time. Police then arrested Banks. A search of her car yielded a full 15-gallon gas can and indicia that she was in a relationship with Auimatagi.

While in jail, Banks made several phone calls that police recorded. In one call to Auimatagi, she referenced Cardi B. featuring Kehlani, both rap artists. Their one song together was titled "Ring." Banks acknowledged she referenced this song to remind Auimatagi about the stolen ring without directly stating it.

Based on these facts, an information was filed charging Banks with grand theft of personal property (§ 487, subd. (a)) and identity theft (§ 530.5,

2

subd. (a)).  The case proceeded to trial where a jury found Banks guilty of only grand theft.

## DISCUSSION

### I.    Corpus Delicti

Banks contends the prosecution did not establish the corpus delicti of grand theft because aside from her statement to the police, there was no evidence that she was present during the theft.  We disagree.

In criminal cases, the prosecution must prove the corpus delicti, "the body of the crime itself—i.e., the fact of injury, loss, or harm, and the existence of a criminal agency as its cause."  (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168 (*Alvarez*).)  The prosecution may not rely "*exclusively* upon the extrajudicial statements, confessions, or admissions of the defendant" to ensure "one will not be falsely convicted, by his or her untested words alone, of a crime that never happened."  (*Id.* at p. 1169.)  However, "independent evidence of every physical act constituting an element of an offense" is not necessary.  (*People v. Jones* (1998) 17 Cal.4th 279, 303.)  Instead, there must be "some slight or prima facie showing of injury, loss, or harm by a criminal agency."  (*Alvarez, supra*, 27 Cal.4th at p. 1171.)

Here, the elements of grand theft by larceny are "the offense is committed by every person who (1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) with intent to steal the property, and (6) carries the property away."  (*People v. Davis* (1998) 19 Cal.4th 301, 305; Pen. Code, § 487, subd. (a).)  The corpus delicti of this crime—an individual's property was taken with an intent to steal—was adequately established by the evidence aside from Banks's statements to the police.  The victim testified that she left her purse and other items in her car, no one was given permission to enter or take anything

3

from her car, and she returned to the car to discover her purse was missing. The video surveillance recorded Auimatagi walking toward the victim's Lexus and return with a bag in her hand. And the victim's bank records demonstrated someone made unauthorized purchases using her debit card approximately one mile away from the victim's parked car. Although circumstantial, this evidence permits a reasonable inference that grand theft by larceny was committed. (See *Alvarez*, *supra*, 27 Cal.4th at p. 1171.)

Banks nonetheless contends the only evidence that she aided and abetted Auimatagi in committing the theft was her statement to the police that she was present during the crime. Thus, according to Banks, there was no evidence establishing the elements of aider and abettor liability, and "[a]bsent corroborating evidence, [her] conviction was based solely upon [this] out of court statement in violation of the corpus delicti rule." This misconstrues the rule, which does not require identifying the perpetrators. (*People v. Rivas* (2013) 214 Cal.App.4th 1410, 1428 [corpus delicti simply requires demonstrating that " '*someone* committed a crime,' " but it "need not be the accused; it could be anyone"].) And "in a case tried on an aiding and abetting theory, the requisite knowledge and intent required for aider-abettor liability are not elements of the corpus delicti that must be proved independently of any extrajudicial admissions for purposes of establishing the corpus delicti." (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1128.) The corpus delicti rule was not violated.

## II. Sufficiency of the Evidence

Banks next claims the evidence was insufficient to establish that she committed grand theft by aiding and abetting. She asserts there was no evidence she shared "actual physical presence" with the perpetrator at the scene of the theft or that she shared the perpetrator's intent in committing

4

the crime. Reviewing the record "in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt," we disagree. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

"[A] person who aids and abets a crime is guilty of that crime even if someone else committed some or all of the criminal acts." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.) Aiding and abetting is established if the person acts "with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advice aids, promotes, encourages or instigates, the commission of the crime." (*People v. Beeman* (1984) 35 Cal.3d 547, 561.) Determining whether a defendant aided and abetted a crime is a question of fact, thus we resolve all conflicting evidence and reasonable inferences in favor of the judgment. (*People v. Mitchell* (1986) 183 Cal.App.3d 325, 329.)

### A. Knowledge

Here, Banks's relationship with Auimatagi—whom she concedes committed the theft—and their simultaneous presence in the parking lot during the theft strongly suggest Banks knew of Auimatagi's unlawful intent when she committed the theft. (*People v. Campbell* (1994) 25 Cal.App.4th 402, 409 [a defendant's presence at the crime scene, companionship and conduct before or after the offense may be considered when assessing liability].) Banks acknowledged that at the time of the theft, she was in a six-year relationship with Auimatagi, and she presumed Auimatagi generally broke into cars and stole personal property to support herself. She further suspected Auimatagi stole the ring. Banks also admitted to police that she

5

drove the Mercedes in the parking garage, establishing her presence during the theft.  At that time, Banks did not provide any legitimate purpose for being in the parking garage.  (Cf. *People v. Moomey* (2011) 194 Cal.App.4th 850, 858 [defendant accessory's relationship with the principal, simultaneous presence in store from which principal stole goods, and accessory's lack of legitimate purpose for being in the store suggested accessory was aware of principal's intent].)

To the extent Banks's testimony—that she did not drive the Mercedes at the time of the theft—conflicts with her prior admission that she was driving, the jury could reasonably reject Banks's trial testimony.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 [conflicts in testimony do not require reversal because " 'it is the exclusive province of the . . . jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends' "].)  Moreover, Banks's claim that she was on her phone the entire time while in the parking garage and thus unaware of Auimatagi's actions—exiting the passenger side of the Mercedes and returning with a bag—does not compel a reversal.  (*People v. Fierro* (2010) 180 Cal.App.4th 1342, 1347 [under a substantial evidence review, reversal not required even if facts tend to support a contrary inference].)  The jury could thus reasonably infer from the circumstances surrounding the theft that Banks knew Auimatagi intended to steal belongings from a vehicle when they entered the parking garage.  (See *Moomey, supra,* 194 Cal.App.4th at p. 859.)

**B. Intent and Aiding Commission of the Crime**

Banks's intent to facilitate Auimatagi's theft and her aid in the commission of the crime can be inferred from the way she drove her car in the parking garage.  (*Beeman*, *supra*, 35 Cal.3d. at pp. 558–559 [evidence of a

defendant's knowledge or intent is generally circumstantial because there is rarely direct evidence of those elements].) At trial, an officer testified that vehicular burglaries are generally quick, involving a driver—the person who positions the vehicle in a manner to make a quick escape—and a passenger—the person who targets a vehicle, breaks its window, and grabs the belongings. Here, the video surveillance indicated Banks's Mercedes was in the parking garage for approximately four minutes. She parked her car by backing into and straddling two parking spots, indicating an intention to leave quickly. She also parked relatively close to the victim's Lexus, facilitating Auimatagi's access to that vehicle. Taken together, the evidence supports the conclusion Banks intended to aid Auimatagi's theft and did so by driving her to and from the parking garage.

There was sufficient evidence for the jury to find Banks aided and abetted in the theft.

## DISPOSITION

The judgment is affirmed.

_____

WISEMAN, .J. *

We concur.

_____

FUJISAKI, Acting P.J.

_____

JACKSON, J.

*People v. Banks* / A158333

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.